IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

I'MAYA KELLY                         *

        Plaintiff,          *

    vs.                              * CIVIL ACTION NO. MJG-18-0996

IMC MORTGAGE COMPANY, et al.,        *

        Defendants           *

*    *    *    *    *    *    *    *    *

<u>MEMORANDUM AND ORDER</u>

The Court has before it (1) Plaintiff's Motion to Remand and Request for Hearing [ECF No. 18], (2) Defendants' Motion to Dismiss, or Alternatively, Motion for More Definite Statement [ECF No. 11], (3) Defendants' Motion to Dismiss the Amended Complaint, or Alternatively, Motion for More Definite Statement [ECF No. 21], and the materials submitted relating thereto. The Court finds that a hearing is not necessary.

I. <u>BACKGROUND</u>

On February 2, 2018, Plaintiff I'Maya Kelly ("Plaintiff" or "Kelly"), a Maryland resident, filed a Complaint in the Circuit Court for Baltimore City, alleging that she had suffered injuries from exposure to and ingestion of lead-based paint at 2349 Lauretta Avenue, Baltimore, Maryland ("Lauretta Property"). Complaint, ECF No. 2. Her claims were based upon state law causes of action, including negligence, negligent

misrepresentation, and violation of Maryland's Consumer Protection Act.

The named Defendants in this original Complaint were:

1. Citibank, N.A.;

2. CFNA Receivables, f/k/a CitiFinancial, Inc.;

3. CitiFinancial, Inc., as successor in interest to IMC Mortgage Company;

4. IMC Mortgage Company, as successor in interest to Industry Mortgage Company, LP; and

5. Industry Mortgage Company, LP.

Compl. ¶ 3, ECF No. 2.

Defendants removed this matter to federal court on the basis of diversity jurisdiction. They argue, and Plaintiff does not contest, that the only two entities that existed at the time of the filing of the original Complaint were Citibank, N.A. and CFNA Receivables (TX), LLC. Defs.' Opp. at 3, ECF No. 22.

Specifically, IMC Mortgage Company, a Florida corporation, was the successor in interest to Industry Mortgage Company, LP. Id. at 2. IMC Mortgage Company acquired the Lauretta Property in 1999, and ceased operation in 2006 when it was succeeded by CitiFinancial, Inc. Id. The Lauretta Property was transferred by CitiFinancial to a non-related third party. Id. Then, CitiFinancial changed its name to CFNA Receivables (MD), Inc., in 2013 and to CFNA Receivables (MD), LLC, in 2017. Id. Finally, CFNA Receivables (MD), LLC was merged into CFNA

Receivables (TX), LLC, which has its principal place of business in Missouri. Id.

The following diagram illustrates the entity changes:

| Industry Mortgage Company | IMC Mortgage Company | Citi Financial | CFNA Receivables, Inc. (MD) | CFNA Receivables, LLC (MD) | CFNA Receivables, LLC (TX) |

→

Citibank, N.A. is the sole member of CFNA Receivables (TX), LLC, with its principal place of business in South Dakota. Id. Because CFNA Receivables, LLC (TX) is a Missouri resident, Citibank, N.A. is a South Dakota resident, and Plaintiff is a Maryland resident, complete diversity existed when the original Complaint was filed.

Then, on May 3, 2018, Plaintiff filed a First Amended Complaint [ECF No. 17] which included a second property in which she was allegedly exposed to lead: 3024 Edmondson Avenue, Baltimore, Maryland ("Edmondson Property").

She also added four more Defendants:

1. EBW Limited Partnership,

2. Lawrence Polakoff,

3. The Estate of Lawrence Polakoff, and

4. Chase Management, Inc.

Plaintiff argues that these newly added Defendants are owners/operators of the Edmondson Property and that at least some of these Defendants are Maryland residents such that this

action should be remanded to state court. Pl.'s Mot. at 1-2, ECF No. 18.

Defendants contend, and Plaintiff does not contest, that EBW Limited Partnership and Chase Management, Inc. are defunct entities and did not exist at the time the Amended Complaint was filed. Defs.' Opp. at 4, ECF No. 22.

Therefore, the only issue is whether the Court should remand the case to state court because Defendants (1) Lawrence Polakoff and (2) the Estate of Lawrence Polakoff are named as Maryland residents, thereby defeating diversity.

II. LEGAL STANDARD

Plaintiff's remand action in this case is governed by 28 U.S.C. § 1447, which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

See also Mayes v. Rapoport, 198 F.3d 457, 461-62 (4th Cir. 1999) (finding that the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant are (1) to deny joinder or (2) to permit joinder and remand).

The decision of joinder is committed to the sound discretion of the district court. Id. The district court is entitled to consider all relevant factors, including "the extent

to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id. Another relevant factor is the "danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources." Id. at 463. In short, the inquiry requires the court to "balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." Id.

III. DISCUSSION

Defendants do not allege that this case presents an instance of fraudulent joinder. Rather, Defendants argue that (1) the allegations against the newly added Defendants are insufficient to support joinder, (2) the Estate of Lawrence Polakoff cannot be sued because the estate has either not been opened or has not yet appointed a personal representative, and (3) Mr. Polakoff's Maryland address is not titled in his name but in the name of a third party who acquired it as "vacant" property. In other words, Defendants are contesting the strength of Plaintiff's allegations rather than Plaintiff's motives.

Under the circumstances, the Court does not find it appropriate to make a factual finding about Mr. Polakoff's actual address or the legal status of his estate. Taking Plaintiff's allegations as true, the factors in this case favor joinder and remand.

First, Plaintiff filed the First Amended Complaint less than a month after the notice of removal, prior to any discovery, which may weigh in favor of a finding that the purpose of the amendments was to defeat diversity jurisdiction. Mayes, 198 F.3d at 463. On the other hand, this relatively quick timing also indicates that Plaintiff was not dilatory in seeking joinder. Id. at 462. Therefore, the timing of the First Amended Complaint is not dispositive here.

Second, the Court finds that the claims involving the Lauretta and Edmondson properties, although involving different physical homes and different Defendants, may present overlapping issues that would pose a "danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources." Id. at 463. The named causes of action are exactly the same, i.e., that Plaintiff's lead exposure in the properties has caused her injury. See ECF No. 17-1. The Court finds that the issues in the case cannot be resolved without necessary inquiry into the precise allocation of causation and damages for both the Lauretta and Edmonson

properties and for all Defendants that remain in the case. There is a genuine risk that Plaintiff will not be able to litigate causation and damages without the alleged owners of both properties joined together in a single case.

Finally, the Court is satisfied that the equities weigh in favor of joinder and remand. There is no allegation of fraudulent joinder. Moreover, Plaintiff will be unfairly injured or prejudiced by a denial of joinder because she will have to litigate cases in two separate jurisdictions on separate timelines, even though causation and damages issues in both properties are intertwined and should be tried in the same court.

IV. <u>CONCLUSION</u>

Accordingly:

1. Plaintiff's Motion to Remand and Request for Hearing [ECF No. 18] is hereby GRANTED.

2. Defendants' Motion to Dismiss, or Alternatively, Motion for More Definite Statement [ECF No. 11], is hereby DENIED as moot.

3. Defendants' Motion to Dismiss the Amended Complaint, or Alternatively, Motion for More Definite Statement [ECF No. 21], is hereby DENIED as moot.

4. This case, originally filed in the Circuit Court for Baltimore City as <u>I'Maya Kelly v. IMC Mortgage Company, et al</u>, Case No. 24-C-18-000611 OT, and removed to this Court, is hereby REMANDED.

a. The Clerk shall take all action necessary to effect the remand promptly.

b. The State Court may proceed with this case.

c. This Court does not award costs herein.

SO ORDERED, this Tuesday, June 5, 2018.

/s/<br>Marvin J. Garbis<br>United States District Judge